IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.: 3:94CR40

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| TONY OSIAS (2), ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Terminate Supervised Release," filed May 3, 2006. On May 8, 2006, the Government filed a Response in Opposition to Defendant's Motion for Early Termination of Supervised Release. This Motion is now ripe for disposition by the Court.

On January 4, 1996, the Court sentenced Defendant to 142 months imprisonment and five (5) years supervised release. On September 4, 2002, Defendant filed a Motion to Modify his sentence, specifically asking the Court to strike the twenty-first condition of supervised release, which required him to reimburse the United States for the cost of his court-appointed counsel. In an Order dated September 24, 2002, the Court denied Defendant's Motion to Modify his sentence. Defendant's supervised release commenced on August 6, 2004 in the Middle District of Florida and will expire on August 5, 2009.

On December 14, 2004, the Government filed a Motion to Deny Travel Abroad, advising the Court that Defendant had requested permission to travel Saudia Arabia for a religious pilgrimage and asking the Court to deny such request. On December 21, 2004, the Court granted the Government's Motion to Deny Travel Abroad.

Then, on October 11, 2005, Defendant filed a Motion to Terminate Supervised Release. In that Motion, Defendant asked the Court to terminate his supervised release so that he could make the Muslim Holy Pilgrimage to Mecca, Saudi Arabia, as well as travel to his parents' home land and see family in Haiti. In an Order dated December 13, 2005, the Court denied Defendant's request for termination of his supervised release.

Subsequently, on February 6, 2006, Defendant filed a Motion for an Injunction. Defendant sought an injunction to prohibit his United States Probation Officer from collecting his DNA, arguing that allowing the Probation Officer to take his DNA was unconstitutional. On February 14, 2006, the Court denied Defendant's Motion for an Injunction.

Defendant now asks the Court to terminate his supervised release, advising the Court that he would like to accompany his father to Haiti. Defendant further states that during his term of supervised release, he has maintained employment, earned an associates degree from Penn State University, and has been actively involved with his family and the community.

In response, the United States Attorney for the Western District of North Carolina advises the Court that she has spoken with United States Probation Officer William Lester, who is responsible for supervising Defendant, and Mr. Lester advised her that the Defendant should remain on supervised release. The Government concurs with this recommendation.

Taking into consideration the factors set forth in 18 U.S.C. § 3553(a), and after the defendant has completed at least one year of supervised release, a court may terminate a term of supervised release if the court is satisfied that such termination is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e). Accordingly, the Court has considered the relevant factors in 18 U.S.C. § 3553(a), the conduct of Defendant, the interests of

justice, and the recommendation of the United States Probation Office.  Upon such review the Court finds that termination of supervised release would be premature at this time.

**IT IS, THEREFORE, ORDERED**, that Defendant's Motion to Terminate Supervised Release is hereby **DENIED**.

The Clerk is directed to send copies of this Order to the Defendant, the United States Attorney, and the United States Probation Office for the United States District Court for the Middle District of Florida.

Signed: May 17, 2006

Richard L. Voorhees
Chief United States District Judge